**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KHALILLA KHAMZAEVICH-KHAITMETOV,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1394-HE** |
| **DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Khalilla Khamzaevich-Khaitmetov, a noncitizen[1] and Uzbekistani national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. Contemporaneous with and as part of the Petition, Petitioner also appears to have intended to file an Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Stay of Removal. Doc. 1 at 10-20.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time. Further, the Court should deny Petitioner's Emergency Motion as moot.

## I. Background

Petitioner, a citizen of Uzbekistan, entered the United States on October 30, 2020, without inspection or admission near Calexico, California, and was taken into immigration custody on the same day. Doc. 1 at 13; Doc. 8-2 at 1 (2020 Notice to Appear). On November 6, 2020, after a credible fear determination, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 1 at 13; Doc. 8-2 at 1. Though neither party has alleged it, the undersigned presumes at some point after removal proceedings were initiated, Petitioner was released from ICE custody. Petitioner later filed an application for asylum and withholding of removal. *See* Doc. 1-1 at 2 (denying Petitioner's application for asylum and withholding of removal). On March 28, 2023, an immigration judge ("IJ") granted the Department of Homeland Security's motion to dismiss Petitioner's removal proceedings. Resp. at 2; Doc. 8-3 at 1 (Order on Motion to Dismiss).

On September 23, 2025, ICE re-detained Petitioner pursuant to a warrant. Doc. 1 at 14; Doc. 8-4 at 1 (Warrant for Arrest). After his re-detention, Petitioner was issued a second Notice to Appear, which appears substantially similar to his 2020 Notice to Appear, again initiating removal proceedings and charging him with being inadmissible under 8

U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 8-1 at 1 (2025 Notice to Appear). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 5. On December 4, 2025, an IJ denied Petitioner's request for a custody redetermination due to lack of jurisdiction because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing. Doc. 8-5 at 1 (IJ Order Denying Bond Redetermination).

On March 25, 2026, an IJ ordered Petitioner removed. Doc. 1-1 at 2-5 (Order of Removal). However, on May 7, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is currently pending. EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 21, 2026); *see also* Doc. 1-1 at 6-8 (Receipt of BIA Appeal). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 21, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges removal while his "BIA appeal is pending would violate his due process and extinguish his right to appellate review." Pet. at 6-7.

- **Count II: Violation of Government's Non-Refoulement Obligations**. Petitioner alleges removal before the BIA's adjudication of his immigration proceedings "would risk irreversible harm." *Id*. at 7.

- **Count III: Violation of Due Process.** Petitioner alleges his prolonged detention without "an individualized determination, before a neutral adjudicator, that [he] presents a danger to the community or a flight risk" violates the Fifth Amendment. *Id.* at 7.

- **Count IV: Violation of Fourth Amendment and Governing Regulations**. Petitioner alleges his arrest on an ICE administrative warrant rather than a judicial warrant violates the Fourth Amendment. *Id*. at 8.

The undersigned liberally construes these claims to allege Petitioner's continued detention without "an individualized determination" that he "presents a danger to the community or a flight risk" violates his right to due process because he is entitled to a bond hearing under the Immigration and Nationality Act ("INA"). *Id.* at 7; Reply at 2-3; *accord* Resp. at 5-6 (arguing that "insofar as analysis of Petitioner's due process claim requires a detention authority, that authority is § 1225(b)(2)(A)"). Petitioner asks the Court to "issue a writ of habeas corpus ordering his immediate release from immigration detention" or, alternatively, to "order ICE to conduct a meaningful custody review and release [him] within 30 days." *Id.* at 8.

## III. <u>Standard of Review</u>

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. <u>Analysis</u>

### A. Section 1226(a) applies to Petitioner's detention.

While Petitioner does not explicitly allege a violation of the INA, to determine what process is due to Petitioner, the Court must first analyze what provision governs his detention. The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his prolonged detention without "an individualized determination, before a neutral adjudicator, that [he] presents a danger to the community or a flight risk" violates his right to due process. Pet. at 7. Respondents maintain Petitioner is properly

detained under § 1225(b)(2)(A) and assert Petitioner does not contest this or raise any statutory challenge. Resp. at 5.[2]

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL

---

[2] The undersigned disagrees with Respondents that Petitioner does not contest the statutory authority to detain him. While Petitioner does not explicitly raise a statutory challenge, it is clear he seeks a bond hearing pursuant to § 1226(a) detention authority. *See, e.g.,* Pet. at 8 (requesting a "meaningful custody review"); Reply at 2 (alleging he "twice sought a custody redetermination" that was denied and that "the courts of appeals agree that prolonged detention like [his] requires a bond hearing" (citation modified)). It is also undisputed Petitioner raises a due process claim based on his continued detention without an individualized custody redetermination. *See* Resp. at 4-6.

2100499, at *1 (W.D. Okla. July 21, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "a writ of habeas corpus ordering his immediate release from immigration detention" or, alternatively, an order that ICE must "conduct a meaningful custody review and release [him] within 30 days." Pet. at 8. The undersigned concludes that because § 1226(a) applies to Petitioner's detention, he is owed the due process

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

provided to him under the statute. *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Pupo Socarras*, 2026 WL 2100499, at *1 (concluding because § 1226(a) governs petitioner's detention, he "is entitled to an individualized bond hearing"). When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Pupo Socarras*, 2026 WL 2100499, at *1 (finding "the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing"). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period. [4]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues (1) he should not be removed during the pendency of his BIA appeal and (2) his re-detention violated the Fourth Amendment. Pet. at 6-8. If the Court

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh*

grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on his potential removal[5] or the Fourth Amendment.[6] *See, e.g.*, *Ramirez Rojas*, 2026 WL 94641, at *2 n.3 (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

---

*v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

[5] To the extent Petitioner is seeking to prevent his removal during the pendency of his BIA appeal, Respondents assert "these arguments garner no relief" because "Petitioner cannot be removed while an appeal is pending with the BIA." Resp. at 3 (citation modified).

[6] As to any Fourth Amendment claim, "[h]abeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (noting "the 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred"). This is especially true here, where Respondents provided the Court with Petitioner's arrest warrant issued pursuant to § 1226(a), which is dated the day he was detained by ICE. Doc. 8-4 at 1. Petitioner's argument that an administrative warrant is insufficient under the Fourth Amendment is, accordingly, unpersuasive.

bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Further, the Court should deny Petitioner's Emergency Motion, Doc. 1 at 10-20, as moot.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 28, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 2, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of August, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE