**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KHALILLA KHAMZAEVICH-KHAITMETOV,<br><br>Petitioner,<br><br>-vs-<br><br>DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | NO. CIV-26-1394-HE |

**ORDER**

Petitioner Khalilla Khamzaevich-Khaitmetov, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention at Diamondback Correctional Facility by United States Immigration and Customs Enforcement. The matter was referred to United States Magistrate Judge Chris M. Stephens for preliminary review in accordance with 28 U.S.C. § 636. On August 21, 2026, Magistrate Judge Stephens issued a Report and Recommendation [Doc. #10], recommending the court grant the petition [Doc. #1] in part and order respondents to provide petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise release him if there is no hearing within that time. He also recommended the court decline to address petitioner's remaining claims based on his potential removal and the Fourth Amendment. Further, he recommended the court deny petitioner's emergency motion for temporary restraining order and preliminary injunction and stay of removal [Doc. #1, pp. 10-20] as moot.

Any objection to the Report and Recommendation was due on August 28, 2026, and any response to that objection was due on September 2, 2026. The federal respondents filed a timely objection on August 21, 2026. They object to the Report and Recommendation insofar as they contend petitioner is not entitled to a bond hearing under § 1226(a) because he is being held pursuant to 8 U.S.C. § 1225(b)(2)(A). Nonetheless, they acknowledge the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome.

To date, petitioner has not filed any objection to the Report and Recommendation or any response to the federal respondents' objection.

Upon de novo review in accordance with 28 U.S.C. § 636(b)(1), the court concurs with the magistrate judge's analysis and recommended ruling. The court will adopt the Report and Recommendation in its entirety. The court will grant the petition in part by ordering respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days or otherwise release him if no hearing is held within that time.[1]

Accordingly, the Report and Recommendation [Doc. #10] is **ADOPTED**. The petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C.

---

[1] *As recommended, the court will not address petitioner's remaining claims based on potential removal and the Fourth Amendment.*

§ 1226(a) within **seven (7) days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) days** of the court's order.

Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Stay of Removal [Doc. #1, pp. 10-20] is **DENIED as MOOT**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 9th day of September, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE